## STATE OF NORTH CAROLINA v. RUDOLPH FINN.

### (Filed 15 May 1968.)

APPEAL by the defendant from *Parker, Joseph W., J.,* November 1967 Session, BERTIE Superior Court.

Defendant was brought to trial upon an indictment, sufficient in form and content, charging that he willfully, unlawfully, maliciously, and feloniously, damaged the dwelling house of one Lester M. Evans by the use of dynamite.

The evidence for the State tended to show as follows: The defendant, along with Ronald G. Ayers and Louis Castelloe, on the night of 22 October 1967, was at various places drinking. They started at a truck stop and went to various places, including their homes, and engaged in a regular drinking party. At the suggestion of the defendant they went to the defendant's house and got two sticks of dynamite and they then went to the home of the prosecuting witness Lester M. Evans, where the defendant threw out two sticks of dynamite in front of Evans' house. They then went away and drank some more liquor at the defendant's house, and they decided they would go back and try exploding dynamite again at the home of Evans. The dynamite was prepared, and the defendant, along with the other persons, went back to the home of Lester M. Evans, the prosecuting witness, and threw the dynamite in his yard where it exploded, blowing off the venetian blind from the front door, the pictures off the wall, broke out window lights and jarred the foundation of the house.

Ronald G. Ayers and Louis Castelloe had previously pleaded guilty to the same charges against them, and they testified in this case as witnesses for the State.

The jury returned its verdict of guilty as charged, and the trial judge imposed sentence of confinement of not less than 15 years nor more than 20 years.

The defendant appealed.

*T. W. Bruton, Attorney General, by Ralph Moody, Deputy Attorney General, for the State.*

*V. F. Daughtridge; and Jones, Jones & Jones by Joseph J. Flythe, attorneys for defendant appellant.*

BROCK, J. The defendant brings forward numerous assignments of error based upon 85 exceptions. He excepts to the refusal of the trial court to grant a continuance, he takes numerous exceptions to the admission of evidence, he excepts to the refusal of the trial court

to grant him a nonsuit, and he takes numerous exceptions to the charge of the court to the jury.

Defense counsel have carefully prepared the record on appeal and the brief, and have carefully preserved all of their exceptions. We have considered all of the assignments of error and find that they present no unusual or novel questions. We have carefully read the record and hold that the defendant has had a fair trial, free of prejudicial error. A seriatim discussion of the assignments of error would serve no useful purpose.

No error.

CAMPBELL and PARKER, JJ., concur.